# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: DOLLAR GENERAL CORP. | ) | **MDL No. 2709** |
| **MOTOR OIL MARKETING AND** | ) | |
| **SALES PRACTICES LITIGATION** | ) | **Case No. 17-cv-657 E.D. Wis.** |
| | ) | |
| **THIS PLEADING RELATES TO:** | ) | |
| | ) | |
| **ALLA v. DOLGENCORP, LLC (d/b/a** | ) | |
| **DOLLAR GENERAL CORPORATION)** | ) | |

_____

## <u>DEFENDANT'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Dolgencorp, LLC ("Dollar General") states the following in support of its Motion to Dismiss Plaintiff Seit Alla's Class Action Complaint with prejudice.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................1

FACTS ................................................................................................1

LEGAL STANDARD ........................................................................2

CHOICE OF LAW............................................................................3

ARGUMENT.....................................................................................3

    I.      The Products' labels contain the information allegedly
         misrepresented or concealed.............................................3

    II.     The Products' labeling complies with a comprehensive regulatory scheme.........4

    III.   Alla has not alleged any cognizable deceptive practice.......................................6

    IV.  Alla cannot plausibly allege that the value of the Products is zero. .....................7

    V.    Alla's statutory claims should be dismissed with prejudice for additional
        reasons.........................................................................8

        A     WDTPA claim cannot be based on omissions. ........................................8

        B.    Alla's WUTPA claim is not cognizable on the facts pled. ........................8

    VI.  Alla's unjust enrichment claim should be dismissed as a matter of law. ............10

        A.    An unjust enrichment claim cannot proceed when a
           contract exists. ......................................................10

        B.    An unjust enrichment claim fails with the other claims. ........................10

    VII.  Alla's breach of implied warranty claims should be dismissed
        as a matter of law. ...........................................................10

        A.    Alla either inspected or should have inspected the product before
           purchasing. ..........................................................11

        B.    Alla's particular purpose claim fails because he selected the
           Products himself. .....................................................11

        C.    Alla's merchantability claim fails as express and implied
           warranties conflict. .................................................12

        D.    Alla failed to give reasonable notice. ...................................13

E.    Alla's merchantability and particular purpose claims are
      impermissibly based upon the same purported warranty. .......................13

VIII.  Alla lacks standing to pursue certain claims and relief. ......................................13

A.    Alla lacks standing to bring claims related to any Product
      he did not purchase. ...................................................................................14

B.    Alla lacks standing to pursue damages related to any property. ..............14

C.    Alla lacks standing to pursue injunctive relief. .......................................15

IX.    Alla's claims present non-justiciable political questions and should
      be dismissed. ............................................................................................................15

X.    Alla's claims are preempted. ...................................................................................15

CONCLUSION..................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...................................................................................................2

*Ass'n Benefit Servs. v. Caremark Rx, Inc.,*
    493 F.3d 841 (7th Cir. 2007) ...................................................................................10

*Burlington Graphics Sys., Inc. v. Ritrama, Inc.,*
    No. 11-C-0387, 2015 WL 4506878 (E.D. Wis. July 24, 2015)...............................11

*Castrol Inc. v. Pennzoil Co.,*
    799 F. Supp. 424 (D.N.J. 1992) .................................................................................5

*Christense v. TDS Metrocom LLC,*
    763 N.W.2d 248, 2008 WL 4172804 (Wis. Ct. App. 2008) (unpublished) .............4

*Coffee-Rich, Inc. v. Wis. Dept. Ag.,*
    234 N.W.2d 270 (Wis. 1975).....................................................................................7

*Dry Dock, L.L.C. v. Godfrey Conveyor Co.,*
    717 F. Supp. 2d 825 (W.D. Wis. 2010)...................................................................10

*Ewers v. Eisenzopf,*
    276 N.W.2d 802 (Wis. 1979)...................................................................................12

*G. Heileman Brewing Co., Inc. v. Anheuser-Busch Inc.,*
    676 F. Supp. 1436 (E.D. Wis. 1987) .........................................................................4

*In re. Gen. Am. Life Ins. Co. Sales Practice Litig.,*
    391 F.3d 907 (8th Cir. 2004) .....................................................................................3

*In re Gen. Motors Class E Stock Buyout Sec. Litig.,*
    696 F. Supp. 1546 (J.P.M.L. 1988)...........................................................................3

*Heartland Acad. Cmty. Church v. Waddle,*
    317 F. Supp. 2d 984 (E.D. Mo. 2004).....................................................................15

*Holguin v. Sally Beauty Supply Inc.,*
    264 P.3d 732 (N.M. Ct. App. 2011).........................................................................11

*Johnson v. Mars, Inc.,*
    No. 08-cv-351-bbc, 2008 WL 2777063 (W.D. Wis. July 14, 2008)..........................7

iii

*K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*,
    732 N.W.2d 792 (Wis. 2007) .................................................................................6

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................7

*In re Korean Air Lines Disaster of Sept. 1, 1983*,
    829 F.2d 1171 (D.C. Cir. 1987) ........................................................................3

*Kuenzig v. Kraft Foods, Inc.*,
    No. 8:11-cv-838-T-24 TGW, 2011 WL 4031141 (M.D. Fla. Sept. 12, 2011) ........7

*Le v. Kohls Dept. Stores, Inc.*,
    160 F. Supp. 3d 1096 (E.D. Wis. 2016) .............................................................10

*Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ............................................................................................15

*Manitowoc Marine Grp., LLC v. Ameron Int'l Corp.*,
    No. 03-C-232, 2007 WL 172610 (E.D. Wis. Jan. 18, 2007) ..............................12

*Marsh Wood Prods. Co. v. Babcock & Wilcox Co.*,
    240 N.W. 392 (Wis. 1932) ................................................................................13

*Meta v. Target Corp.*,
    Case No. 15-mc-050, 2015 WL 7459981 (E.D. Wis. Nov. 24, 2015) ..................14

*Muir v. NBTY, Inc.*,
    No. 15 C 9835, 2016 WL 5234596 (N.D. Ill. Sept. 22, 2016)............................14

*Murillo v. Kohl's Corp.*,
    197 F. Supp. 3d 1119 (E.D. Wis. 2016) .............................................................4

*Payton v. Cty. of Kane*,
    308 F.3d 673 (7th Cir. 2002) ............................................................................14

*Retro TV Network, Inc. v. Luken Communs., LLC*,
    696 F.3d 766 (8th Cir. 2012) ..............................................................................2

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ...............................................................................8, 14

*Strack v. Great Atl. & Pac. Tea Co.*,
    150 N.W.2d 361 (Wis. 1967) ............................................................................11

*Tietsworth v. Harley-Davidson, Inc.*,
    677 N.W.2d 233 (Wis. 2004) ..............................................................................8

*United States ex rel. Ahumada v. NISH*,
   756 F.3d 268 (4th Cir. 2014) ...............................................................................7

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .............................................................................7

*Wilson v. Tuxen*,
   754 N.W.2d 220 (Wis. Ct. App. 2008)...............................................................13

*Wis. Patients Comp. Fund¸*
   473 N.W.2d 584, 587 (Wis. Ct. App. 1991) ......................................................10

*Wyatt v. Philip Morris USA, Inc.*,
   No. 09-C-0597, 2013 WL 4046334 (E.D. Wis. Aug. 2013)................................6

**Statutes**

Wis. Stat. Ann. § 100.18 .............................................................................................6

Wis. Stat. Ann. § 100.20 .............................................................................................6

Wis. Stat. Ann. § 401.201............................................................................................3

Wis. Stat. Ann. § 402.404..........................................................................................10

Wis. Stat. Ann. § 402.314..........................................................................................12

Wis. Stat. Ann. § 402.315....................................................................................11, 13

Wis. Stat. Ann. § 402.316..........................................................................................10

Wis. Stat. Ann. § 402.317..........................................................................................12

Wis. Stat. Ann. § 402.607..........................................................................................12

**Other Authorities**

18 Williston on Contracts § 52:75 (4th ed.) .............................................................13

Fed. R. Civ. P. 9.........................................................................................................7

Herr, *Multidistrict Litigation Manual* § 9:17 (2007) ..................................................3

NIST Handbook 130 ...........................................................................................4, 5, 6

SAE J183...............................................................................................................5, 6

SAE J300....................................................................................................................5

Case 4:17-cv-00413-GAF   Document 9   Filed 07/24/17   Page 6 of 24

# TABLE OF AUTHORITIES
(continued)

Wis. Admin. Code § ATCP 90.08 ....................................................................................5

Wis. Admin. Code § ATCP 92.01 ....................................................................................5

Wis. Admin. Code § ATCP 92.02 ............................................................................6, 8, 9

Wis. Admin. Code § ATCP 92.06 ....................................................................................5

Case 4:17-cv-00413-GAF   Document 9   Filed 07/24/17   Page 7 of 24

## PRELIMINARY STATEMENT

The Court is well-aware of the facts and circumstances of this case. Alla, like most plaintiffs in this MDL, claims to have purchased Dollar General-brand motor oil. Alla alleges that the motor oil's label and placement was deceptive because the motor oil was not suitable for use with most engines manufactured after 1988—despite the label's explicit statement regarding the motor oils' use. Alla's goal is to join an assault on the sale of these motor oils—which remains legal in 49 states. If Alla believes the products should not be sold, the proper recourse is a petition to the proper legislative and regulatory authorities, not to this Court. Alla's claims should be dismissed with prejudice.

## FACTS

Dollar General sells three motor oil products at issue in this litigation: DG SAE 30, DG SAE 10W-30, and DG SAE 10W-40 (the "Products"). (*See* Compl. ¶ 17.) Alla acknowledges DG SAE 10W-30 and DG SAE 10W-40, each of which are labeled as detergent motor oils, are fit to be used with engines built on or before 1988, and DG SAE 30, labeled as a non-detergent motor oil, is fit to be used with engines built on or before 1930. (*Id.* ¶ 23) DG SAE 10W-30 and DG SAE 10W-40 labels also provide that the oil "is an all-season, multi-viscosity, heavy duty detergent motor oil recommended for gasoline engines in older model cars and trucks." (*Id.* ¶ 37.) Similarly, the DG SAE 30 label states it is "a non-detergent motor oil designed for use in older engines where consumption may be high and economical lubricants are preferred." (*Id.* ¶ 38.)

The Products' intended use is conspicuously listed on the label. The back label of the DG SAE 10W-30 and DG SAE 10W-40 products reads in part, in all capital letters:

CAUTION—THIS OIL IS RATED API SERVICE CATEGORY SF. IT IS NOT SUITABLE FOR USE IN MOST GASOLINE POWERED AUTOMOTIVE

1

ENGINES BUILT AFTER 1988. IT MAY NOT PROVIDE ADEQUATE
PROTECTION AGAINST THE BUILD-UP OF ENGINE SLUDGE.

(*Id.* ¶ 53.) The DG SAE 30 back label reads in part, in all capital letters:

CAUTION—THIS OIL IS RATED API SA. IT CONTAINS NO ADDITIVES.
IT IS NOT SUITABLE FOR USE IN MOST GASOLINE POWERED
AUTOMOTIVE ENGINES BUILT AFTER 1930. USE IN MODERN
ENGINES MAY CAUSE UNSATISFACTORY ENGINE PERFORMANCE OR
EQUIPMENT HARM.

(*Id.* ¶ 54.)

Alla began purchasing DG Auto SAE 10W-30 motor oil for use in his vehicle in 2014.

(Compl. ¶ 5.) He does not plead that he purchased either the DG Auto SAE 10W-40 or SAE 30,

but states that all the Products are "worthless." (*Id.* ¶ 66.) Alla asserts that "many Class

Members have sustained damage to their automobiles as a result of the use" of the Products. (*Id.*

¶ 67.) Count I states a claim under the Wisconsin Deceptive Trade Practices Act ("WDTPA").

(*Id.* ¶¶ 80-86.) Count II states a claim under the Wisconsin Unfair Trade Practices Act

("WUTPA"). (*Id.* ¶¶ 87-95.) Counts IV and V state claims breach of implied warranties. (*Id.*

¶¶ 96-115.) Finally, Count V states a claim for unjust enrichment. (*Id.* ¶¶ 116-119.) Alla seeks

monetary and injunctive relief. (*Id.* ¶¶ 25-26.)

## LEGAL STANDARD

A complaint survives dismissal if it "contain[s] sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). This Court "accept[s] a plaintiff's factual allegations as true but need not accept a

plaintiff's legal conclusions." *Retro TV Network, Inc. v. Luken Communs., LLC*, 696 F.3d 766,

768-69 (8th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. Whether a claim is

plausible is a "context-specific task" requiring a court "to draw on its judicial experience and common sense." *Id.* at 679.

## CHOICE OF LAW

A transferee court applies the transferor court's choice of law rules. *See In re Gen. Motors Class E Stock Buyout Sec. Litig.*, 696 F. Supp. 1546, 1547 n. 1 (J.P.M.L. 1988). The MDL court is "obligated to apply the law that the transferor forum would apply." Herr, *Multidistrict Litigation Manual* § 9:17 (2007); *see In re. Gen. Am. Life Ins. Co. Sales Practice Litig.*, 391 F.3d 907, 911 (8th Cir. 2004). If there are differences in federal law, this Court is bound by Eighth Circuit law. *See In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1176 (D.C. Cir. 1987).

## ARGUMENT

### I.     The Products' labels contain the information allegedly misrepresented or concealed.

Alla's claims should be dismissed as a matter of law because Alla concedes the information allegedly misrepresented or concealed appears on the Products' labels. Dollar General adopts and incorporates the arguments and citations from previous briefing that supports dismissal of claims on this basis. (*See* Doc. 85 at 29-33; Doc. 91 at 12-17.)

Alla's core theory of liability is that the Products' labeling statements and placement on the store shelves next to other motor oils give the false impression that the Products are intended for use with post-1988 and post-1930 engines. (*See* Compl. ¶ 25.) Indeed, in his WDTPA count, Alla asserts that Dollar General "willfully and actively concealed the true facts about the actual product that it was marketing." (*Id.* ¶ 82.) Alla's allegations directly contradict the conspicuous[1]

---

[1] The cautionary statements are conspicuous as a matter of law. They are legible, plainly visible, and set on a contrasting background by being in a readable white text on black background. (Compl. ¶¶ 53-54, 56.) The cautionary statements are set apart from the other back label information in a separate

cautionary statements and instructions on the products themselves. Those statements make it plain as day that DG SAE 10W-30 and DG SAE 10W-40 are intended for use with pre-1988 engines, and that DG SAE 30 is intended for use with pre-1930 engines. (*Id.* ¶¶ 58, 66-68.) A product label cannot be misleading and claims must be dismissed if the complained-of label conspicuously contains the information that a plaintiff alleges was misrepresented or concealed.

For example, the nondisclosure of truthful facts can bolster a claim of affirmative misrepresentation. *Murillo v. Kohl's Corp.*, 197 F. Supp. 3d 1119, 1127 (E.D. Wis. 2016); *Christense v. TDS Metrocom LLC*, 763 N.W.2d 248, 2008 WL 4172804, at *2 n.4 (Wis. Ct. App. 2008) (unpublished). The converse—disclosure of truthful facts—forecloses a claim of deception. *Cf. G. Heileman Brewing Co., Inc. v. Anheuser-Busch Inc.*, 676 F. Supp. 1436, 1494 (E.D. Wis. 1987) ("The weight of authority holds that the conspicuous use of housemarks virtually dispels any confusion that might otherwise result from the use of identical marks.").

## II. The Products' labeling complies with a comprehensive regulatory scheme.

Alla's claims should be dismissed as a matter of law because the Products' labeling complies with comprehensive federal and state regulatory schemes covering the sale and labeling of the Products. Dollar General adopts and incorporates the arguments and citations from

---

paragraph, and are typed in all-caps and preceded with the eye-catching term "CAUTION." (*Id.*) As such, the "heading" of each cautionary statement (reading "CAUTION –") is conspicuous because it is "in capitals equal to or greater in size than the surrounding text" on the back label. Wis. Stat. Ann. § 401.201(2)(f)(1).

Moreover, the "language in the body of [the] display" of the cautionary statements is conspicuous because it appears to be "in larger type than the surrounding text, [and] in contrasting type … to the surrounding text of the same size." Wis. Stat. Ann. § 401.201(2)(f)(1). The cautionary statements are in all capital letters—unlike the surrounding text—which appear to make the cautionary statements in a larger type than the other back label statements. Also, the cautionary statements are in a contrasting type from those other back label statements by way of being in all capitalized letters. (*See also* Doc. 85 at 52-54.)

previous briefing that supports dismissal of claims on this basis. (*See* Doc. 85 at 33-47; Doc. 91 at 18-25.)

NIST, a federal agency within the United States Department of Commerce, serves in large part as the basis for this scheme. NIST has published "Handbook 130" for several decades.[2] Handbook 130 is, in turn, based on standards established by the Society of Automotive Engineers ("SAE")—an institution that Alla acknowledges plays an important role in motor oil labeling.[3] *See Castrol Inc. v. Pennzoil Co.*, 799 F. Supp. 424, 429-30 (D.N.J. 1992); (Compl. ¶ 21).

Wisconsin, like other states, recognizes NIST's expertise and relies on NIST in administering regulatory schemes. For example, Wisconsin regulations reference NIST and its Handbooks, including Handbook 130. *See, e.g.*, Wis. Admin. Code § ATCP 92.01(10d), (10h), (10p), (10t). Regulations specifically rely on the standards set forth in these NIST Handbooks when enforcing labeling requirements. *See, e.g.*, *id.* §§ ATCP 90.08(14)(2) (relying on Handbook 44), 91.03 (relying on Handbook 130); ATCP 92.06 (relying on Handbooks 44 and 133).

The Products' cautionary statements are approved by regulations.[4] NIST recommends motor oil labels contain certain information related to the service standard. (*See* Doc. 85-3, Engine Fuel Regulations § 3.13.1.3.) The Products comply by including "API SERVICE SF"

---

[2] NIST's 2016 Handbook 130 is at Docket Entry 85-3. Handbook 130 contains three relevant regulations: the Uniform Packaging and Labeling Regulation in Section IV, Part A; the Uniform Regulation for the Method of Sale of Commodities in Section IV, Part B; and the Uniform Engine Fuels and Automotive Lubricants Regulation in Section IV, Part G ("NIST Engine Fuels Regulation").

[3] SAE promulgates a multitude of standards, but only those standards set forth in SAE J183, located at Docket Entry 85-4, and SAE J300, located at Docket Entry 85-5, are relevant here.

[4] Other statements underlying Alla's claims are true and arise from industry publications that, in turn, NIST relies upon. (*Compare, e.g.*, Compl. ¶¶ 37-38, *with* Doc. 85 at 16 n.17.)

5

(for DG SAE 10W-30 and DG SAE 10W-40) or "API SERVICE SA" (for DG SAE 30) on their back labels. (Compl. ¶¶ 53-54.). NIST recommends a motor oil not meeting an active API service category to bear a plainly visible statement in compliance with SAE J183. (*See* Doc. 85-3, NIST Engine Fuels Regulations § 3.13.1.3.2.) This NIST regulation incorporating SAE J183 is the source of the Products' cautionary statements. The Products' labels comply with this regulation by including the appropriate cautionary statement for both API Category SF (DG SAE 10W-30 and DG SAE 10W-40)—*compare* (Compl. ¶ 53), *with* SAE J183 § A.2.8.3—and API Category SA (DG SAE 30)—*compare* (Compl. ¶ 54), *with* SAE J183 § A.2.3.3.

These cautionary statements are to **prevent** consumer deception. SAE J183 recommends the cautionary statement "for use on both packaged and bulk product" and notes that use of the cautionary statement "would be considered reasonable and prudent by experts in the field of automotive engine lubrication." SAE J183 § A.2.8.3; *see also id.* § A.2.3.3. The labeling underlying Alla's claims are required by, authorized by, or derived from Handbook 130, and arise from the NIST regulations or the SAE standards incorporated or relied on in those regulations.

The Products' labels are true (Alla does not plead otherwise), give a truthful impression of the Product's attributes and capabilities, and comply with NIST-promulgated regulations.

III.    **Alla has not alleged any cognizable deceptive practice.**

Alla's consumer protection claims should be dismissed as a matter of law because they fail to state any cognizable unfair or deceptive practice. Dollar General adopts and incorporates the arguments and citations from previous briefing that supports dismissal of claims on this basis. (*See* Doc. 85 at 47-60; Doc. 91 at 12-18.)

Wisconsin's consumer protection laws prohibit false, deceptive, or misleading behavior in the marketplace. *See* Wis. Stat. Ann. § 100.18 (prohibiting false, deceptive, or misleading

statements when selling goods); *id.* § 100.20 (prohibiting unfair methods of competition and trade practices); Wis. Admin. Code § ATCP 90.02 (prohibiting deceptive labeling of consumer goods). To state a viable consumer protection claim, Alla must sufficiently allege and establish (among other elements) an unfair, fraudulent, or deceptive business practice. *See K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 732 N.W.2d 792, 798-99 (Wis. 2007).[5]

Alla's statutory claims sound in fraud. He must meet Fed. R. Civ. P. 9(b)'s heightened requirements and plead the who, what, where, when, and how of the fraud. *United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 280 (4th Cir. 2014); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). He must "set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Alla pursues three theories: (1) product placement, (2) the Products failed to adequately warn customers about their intended uses, and (3) the Products' affirmative misrepresentations. Each theory fails.

Alla's product placement theory fails because the business practice of placing similar products near each other is a widely-accepted and reasonable business practice. *Kuenzig v. Kraft Foods, Inc.*, No. 8:11-cv-838-T-24 TGW, 2011 WL 4031141, at *8 (M.D. Fla. Sept. 12, 2011) (dismissing as frivolous a "misleading by association" argument). Alla's failure to warn claim fails because the Products contained conspicuous warnings addressing suitable use. A reasonable consumer would turn the product over and read the back label, which contains the adequately- and conspicuously-displayed warning. *Johnson v. Mars, Inc.*, No. 08-cv-351-bbc, 2008 WL 2777063, at *2 (W.D. Wis. July 14, 2008) (stating that reasonable consumer would anticipate that product contained hard object when package disclosed ingredients); *Coffee-Rich, Inc. v. Wis. Dept. Ag.*, 234 N.W.2d 270, 277 (Wis. 1975) (noting that labeling is a reasonable and

---

[5] Alla's claims under both the WDTPA and WUTPA are "virtually indistinguishable." *Wyatt v. Philip Morris USA, Inc.*, No. 09-C-0597, 2013 WL 4046334, at *5 (E.D. Wis. Aug. 2013).

effective means of preventing consumer deception). Finally, Alla's claim that the labels contained affirmative misrepresentations is without merit as he does not allege the labels contained anything but truthful and accurate statements. Alla's claims should be dismissed.

## IV. Alla cannot plausibly allege that the value of the Products is zero.

Alla's consumer protection claims should be dismissed as a matter of law because Alla's factually unsupported claim that the Products are worthless means he failed to plead an essential element. Dollar General adopts and incorporates the arguments and citations from prior briefing that supports dismissal of claims on this basis. (*See* Doc. 85 at 60-63; Doc. 91 at 25-27.)

Alla asserts that the Products are "worthless" with "no automotive utility." (Compl. ¶ 51.) But Alla's allegations belie the claim that the Products were "worthless." Alla claims that he used DG Auto SAE 10W-30 every 3,000 miles beginning in 2014, but he does not allege any damage to his vehicle.[6] Alla does not plead that the use has damaged his vehicle, nor does Alla plead that the use of DG Auto SAE 10W-30 every 3,000 miles has failed to "lubricate and protect [his] engine." The proper measure of damages is not the Product's purchase price, but rather the value of what was received. Alla alleged no facts demonstrating he paid more than the value of the Products. Alla's claims must be dismissed.

## V. Alla's statutory claims should be dismissed with prejudice for additional reasons.

### A. A WDTPA claim cannot be based on omissions.

Alla hangs his WDPTA claim on "conceal[ing] the true facts about the actual product that it was marketing." (Compl. ¶ 82.) But the WDTPA does not provide a remedy for omissions.

---

[6] Alla baldly declares class members suffered vehicle damage from using the Products. Yet Alla cannot show injury "actually exist[s]" for his vehicle. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).

*See Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 245 (Wis. 2004). Count I should be dismissed for this independent reason to the extent it relies on concealment.

   **B. Alla's WUTPA claim is not cognizable on the facts pled.**

   Alla hangs his WUTPA claim on the basis that the Products purportedly violate two administrative regulations.[7] The first regulation is that the Products allegedly fail to "clearly and conspicuously identif[y] the commodity contained in that package." (Compl. ¶ 89); *see also* Wis. Admin. Code § ATCP 90.02(1). Alla's pleading undermines this claim as implausible and factually baseless. The Products' front label states that each product is "Motor Oil." (Compl. ¶¶ 53-54, 56.) Alla alleged that the Products are, in fact, "motor oils." (*Id.* ¶ 17.) No facts support Alla's claim that the Products' packaging failed to clearly and conspicuously identify that the product was motor oil. The facts pled actually show that this allegation is baseless.

   The second regulation on which Alla rests his WUTPA claim requires that the declaration of identity on a package "may not be false, deceptive, or misleading." (*Id.* ¶ 90); *see also* Wis. Admin. Code § ATCP 90.02(3). Alla wants to make this into a general "deception" cause of action. (*See, e.g.*, Compl. ¶¶ 93 (actionable conduct because Alla did not know the Products "were not suitable for use" with certain vehicles), 94 (alleging that the Products had "false, deceptive, and/or misleading **labeling and identification**") (emphasis added).) That's incorrect. By its explicit terms, this regulation only forbids false, deceptive, and misleading "declaration[s] of identity." Wis. Admin. Code § ATCP 90.02(3). The Products' identity is motor oil. (*See* Compl. ¶ 17.) There was nothing false, deceptive, or misleading about the Products' conspicuous statement that it was actually motor oil. (*See id.* ¶¶ 53-54, 56.) For example, Alla

---

[7] Alla's WUTPA claim relies on whether the Products' statement of identity was deceptive. (*See* Compl. ¶¶ 89-95.) Allegations of product placement cannot buttress this claim.

pled no facts about how the statement of identity featured "[i]ngredients or components that are not present in the commodity in substantial or significantly effective amounts." Wis. Admin. Code § ATCP 90.02(3). Alla only alleged that he did not know about the Products' particular use—not that he was misled about the Products' identity.[8] This claim lacks any factual support.

## VI.   Alla's unjust enrichment claim should be dismissed as a matter of law.

### A.  An unjust enrichment claim cannot proceed when a contract exists.

Alla's unjust enrichment claim fails as a matter of law because a contract exists between the parties. Dollar General adopts and incorporates the arguments and citations from previous briefing that the unjust enrichment claim fails for that reason. (*See* Doc. 85 at 64-68; Doc. 91 at 29-31.) "[U]njust enrichment does not apply where the parties have entered into a contract." *Cont'l Cas. Co. v. Wis. Patients Comp. Fund*, 473 N.W.2d 584, 587 (Wis. Ct. App. 1991). A contract is created when a buyer purchases goods. *See* Wis. Stat. Ann. 402.404(1) (a contract for a sale of goods may be made "in any manner sufficient to show agreement"); *Dry Dock, L.L.C. v. Godfrey Conveyor Co.*, 717 F. Supp. 2d 825 (W.D. Wis. 2010) (noting that each purchase in string of twenty-seven purchases constituted a contract). Alla's claims arise from his purchases of DG Auto 10W-30 motor oil from Dollar General. (Compl. ¶ 5.) Alla thus pled that a contract exists between the parties, and his unjust enrichment claim must fail.

### B.  An unjust enrichment claim fails with the other claims.

Alla's claims all arise out of the same conduct: the Products' placement and labeling. The labels do not give rise to liability under Wisconsin's consumer protection statutes. Alla stakes his unjust enrichment claim on the same conduct. The unjust enrichment claim fails with

---

[8] Alla's counsel—the same counsel that represents all other plaintiffs in the MDL—has not previously asserted this new theory of liability. This new theory fares no better than others and is without merit.

the consumer protection claims. *Ass'n Benefit Servs. v. Caremark Rx, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007); *Le v. Kohls Dept. Stores, Inc.*, 160 F. Supp. 3d 1096, 1116-17 (E.D. Wis. 2016).

## VII.   Alla's breach of implied warranty claims should be dismissed as a matter of law.

Alla's breach of implied warranty claims fail for the following reasons. Dollar General adopts and incorporates the arguments and citations from previous briefing that supports dismissal of claims on these bases. (*See* Doc. 85 at 68-87; Doc. 91 at 31-45.)

### A.  Alla either inspected or should have inspected the product before purchasing.

"When the buyer before entering into the contract has examined the goods or the sample or model as fully as the buyer desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to the buyer." Wis. Stat. Ann. § 402.316. Alla's claims for implied warranties all fail because on the facts pled, the only reasonable implication is that Alla either inspected the Product or refused to inspect the product and that such inspection would have revealed the alleged "defect."

Alla's Complaint makes clear he bought the Product at a self-service store. Customers are invited and expected to handle products in this context. *Strack v. Great Atl. & Pac. Tea Co.*, 150 N.W.2d 361, 363-64 (Wis. 1967) (noting that in self-service market customers are expected to handle and examine produce on display); *see also Holguin v. Sally Beauty Supply Inc.*, 264 P.3d 732, 736 (N.M. Ct. App. 2011) (collecting cases). As pled, Alla purchased the Product himself. He necessarily selected the Product off the shelf. At that point, Alla had permission and was expected to handle and inspect the Product. Had he done so, the alleged "defect" would have been revealed. Alla failed to inspect the Product at his own peril. If he did not inspect, despite invitation and ability, no implied warranty carried with the Products. These claims must fail.

**B. Alla's particular purpose claim fails because he selected the Products himself.**

The warranty for a particular purpose is implicated where "the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." Wis. Stat. Ann. § 402.315. "A showing that the buyer relied on the seller to select the correct product for the buyer is a requisite for recovery." *Burlington Graphics Sys., Inc. v. Ritrama, Inc.*, No. 11-C-0387, 2015 WL 4506878, at *18 (E.D. Wis. July 24, 2015). A breach of warranty for fitness for a particular purpose typically occurs where the seller selects the goods, and a buyer cannot recover where he selects his own goods. *See Ewers v. Eisenzopf*, 276 N.W.2d 802, 806 (Wis. 1979).

Alla failed to plead facts of reliance. He baldly states that he relied on Dollar General in his purchase, but he offers no facts in support of such conclusory allegations. Alla does not plead that he spoke to any employee or agent regarding his purchase of the DG Auto 10W-30. Nor does he plead that anyone from Dollar General recommended the DG Auto 10W-30 to him. The only rational conclusion is that Alla picked the Product himself. Without facts of reliance, Alla cannot recover for breach of the implied warranty of fitness for a particular purpose.

**C. Alla's merchantability claim fails as express and implied warranties conflict.**

"[A] warranty that the goods shall be merchantable is implied in the contract for their sale if the seller is a merchant with respect to the goods of that kind." Wis. Stat. Ann. § 402.314(1). This includes that the goods, among other qualities, "[p]ass without objection in the trade under the contract description," "[a]re fit for the ordinary purposes for which the goods are used," and "[a]re adequately … labeled as the agreement may require." *Id.* § 402.314(2)(a), (c)-(d).

Alla admits the DG Auto 10W-30 motor oil that he purchased warranted that it was not suitable in most engines manufactured after 1988.[9] (Compl. ¶ 53.) The Product Alla purchased thus contained an express warranty. Under Wisconsin law, warranties, both express and implied, should "be construed together as consistent … but if such construction is unreasonable … [e]xpress warranties displace implied warranties." Wis. Stat. Ann § 402.317(3).

It is unreasonable to harmonize Alla's purported implied warranty (that the Products **are suitable** for use in vehicles driven by customers) with the Products' express warranty (that the Products **are not suitable** for use in most engines manufactured after 1988). Thus, the express warranty trumps any implied warranty, and Alla's merchantability claim must fail.

### D. Alla failed to give reasonable notice.

Alla cannot recover on any breach of warranty claim unless, "within a reasonable time after [he] discover[ed] or should have discovered any breach," Alla gave Dollar General notice. Wis. Stat. Ann. § 402.607(3)(a). Alla pled that he gave notice. (Compl. ¶ 104.) That notice was received after suit was filed. (Letter to Dollar General, **Ex. 1**.) Post-suit notice is unreasonable as a matter of law and forecloses the ability to recover. *Marsh Wood Prods. Co. v. Babcock & Wilcox Co.*, 240 N.W. 392, 398-99 (Wis. 1932). Further, that notice, received in May 2017 for purported breaches of warranty that date back to 2014 (*see* Compl. ¶ 5), is unreasonable as a matter of law due to the length of delay. *Wilson v. Tuxen*, 754 N.W.2d 220, 232-33 (Wis. Ct. App. 2008) (as little as a 57-day delay between breach and notice is unreasonable as a matter of law).

---

[9] Alla used this motor oil with a post-1988 automobile engine. (Compl. ¶ 5.) Alla's apparent misuse of the product is an independent basis foreclosing his ability to recover under any warranty theory. *See Manitowoc Marine Grp., LLC v. Ameron Int'l Corp.*, No. 03-C-232, 2007 WL 172610, at *9 (E.D. Wis. Jan. 18, 2007).

13

### E. Alla's merchantability and particular purpose claims are impermissibly based upon the same purported warranty.

Alla's theory of merchantability and particular purpose are identical. Although the warranties of merchantability and particular purpose are not mutually exclusive, they must arise from different types of warranties. A warranty cannot simultaneously be one of merchantability and particular purpose. Wis. Stat. Ann. § 402.315, cmt. 2; 18 Williston on Contracts § 52:75 & nn. 15-27 (4th ed.). Alla alleges that the same warranty—suitable for use in post-1988 automobiles—gives rise to both a warranty of merchantability and of particular purpose. (Compl. ¶¶ 97, 107.) That's incorrect. This is a claim about a particular purpose for the motor oil, not a claim that the motor oil was not merchantable as motor oil generally. As Alla failed to plead a warranty of merchantability, his merchantability claim should be dismissed.

## VIII. Alla lacks standing to pursue certain claims and relief.

Alla lacks standing for claims about Products he did not purchase, damages to property, and injunctive relief. Dollar General adopts and incorporates the arguments and citations from previous briefing that supports dismissal of claims on this basis. (*See* Doc. 85 at 87-89; Doc. 91 at 45; Doc. 87 at 26-30; Doc. 92 at 9-11, 13-15.)

### A. Alla lacks standing to bring claims related to any Product he did not purchase.

Alla only alleges that he repeatedly purchased DG Auto 10W-30 motor oil. (Compl. ¶ 5.) Although Alla purports to bring claims related to DG Auto 10W-40 and DG Auto SAE 30, his Complaint is devoid of any factual basis to conclude that he, himself, purchased either of those products. Alla cannot acquire standing by "piggy-back[ing] on the injuries of the unnamed class members." *Payton v. Cty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002). Simply, Alla lacks standing to sue for products that he did not purchase. *Muir v. NBTY, Inc.*, No. 15 C 9835, 2016 WL 5234596, at *4 (N.D. Ill. Sept. 22, 2016); *see also Meta v. Target Corp.*, Case No. 15-mc-

050, 2015 WL 7459981, at *2 n.2 (E.D. Wis. Nov. 24, 2015) ("Further, it is unclear whether Meta would even have standing to bring such claims against Rockline, even as a putative class representative, given the fact that it is undisputed that he never used wipes manufactured by Rockline."). Alla alleged no factual basis for the purchase of DG Auto 10W-40 or DG Auto SAE30. He lacks standing to pursue claims related to those products.

**B. Alla lacks standing to pursue damages related to any property.**

At several points, Alla asserts that the Products led to purported property damage. (*See, e.g.*, Compl. ¶¶ 67, 102.) Alla has not pled any factual basis for any damage to his property and cannot recover for those claims. Notably, although he alleges that he used DG Auto 10W-30 motor oil in his vehicle, he does not allege that the vehicle suffered any damage from using DG Auto 10W-30 motor oil. Alla only pleads—without any factual support—that "many Class Members have sustained damage to their automobiles." (Compl. ¶ 67.) Like his claims regarding motor oil that he did not purchase, Alla cannot rely on someone else's purported property damage to confer Article III standing. *See Spokeo, Inc.*, 136 S. Ct. at 1548. Alla's claims related to any property damage must be dismissed.

**C. Alla lacks standing to pursue injunctive relief.**

Alla lacks standing to pursue injunctive relief. He does not face any imminent threat of harm from the Products. To warrant injunctive relief, a plaintiff must show that he is "likely to suffer future injury." *Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). To the extent Alla has pled injury at all, he has only pled past injury related to the purchase of the Products. Alla's failure to plead any plan to purchase the Products in the future renders his claim for injunctive relief insufficient as a matter of law. *See Heartland Acad. Cmty. Church v. Waddle*, 317 F. Supp. 2d 984, 1107 (E.D. Mo. 2004). Any claim for injunctive relief, therefore, must be dismissed.

**IX.** **Alla's claims present non-justiciable political questions and should be dismissed.**

The political question doctrine bars Alla's claims because the Constitution has textually committed the regulation of weights and measures—and, therefore, the Products' labels—to Congress. Dollar General adopts and incorporates the arguments and citations from previous briefing that supports dismissal of claims on this basis. (*See* Doc. 85 at 90-92.)

**X.** **Alla's claims are preempted.**

Both field and conflict preemption bar Alla's claims. Dollar General adopts and incorporates the arguments and citations from previous briefing that supports dismissal of claims on this basis. (*See* Doc. 85 at 92-95.)

## CONCLUSION

This Court should dismiss Alla's claims with prejudice.

DATED: July 24, 2017                        Respectfully submitted,

                                           STINSON LEONARD STREET LLP

                                           By: /s/ Brett A. Shanks
                                                  Bradley J. Yeretsky - MO #53845
                                                  Brett A. Shanks - MO #67749
                                                  1201 Walnut, Suite 2900
                                                  Kansas City, MO 64106
                                                  Telephone: 816-691-3150
                                                  Facsimile: 816-412-9307
                                                  Email: brad.yeretsky@stinson.com
                                                         brett.shanks@stinson.com

                                           MCGUIREWOODS LLP

                                           R. Trent Taylor
                                           Perry W. Miles, IV
                                           Jontille D. Ray
                                           Travis C. Gunn
                                           800 East Canal Street
                                           Richmond, VA 23219-3916
                                           Telephone: (804) 775-1182
                                           Fax: (804) 225-5409
                                           Email: rtaylor@mcguirewoods.com
                                                  pmiles@mcguirewoods.com
                                                  jray@mcguirewoods.com
                                                  tgunn@mcguirewoods.com

                                           *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically send e-mail notification of such filing to all attorneys of record in this action pursuant to Federal Rule 5(b)(2)(D) and Local Rule 5.1.

                                           /s/ Brett A. Shanks
                                           Brett A. Shanks